UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>MISTY DAWN SYKES,<br><br>    Defendant. | Case No. 1:22-cr-00148-DCN-1<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION AND BACKGROUND

On July 13, 2022, a federal grand jury indicted Misty Dawn Sykes on two counts of Possession with Intent to Distribute and one count of Unlawful Possession of a Firearm. *See generally* Dkt. 1. Sykes entered into a plea agreement with the Government and the Court ultimately sentenced Sykes to 188 months imprisonment to be followed by five years of supervised release. Dkt. 83. Sykes is currently housed at FCI Tallahassee with an anticipated release date of October 27, 2035.

On April 12, 2024, Sykes filed a Motion entitled "Motion for Bail Pending the Resolution of the Proceedings." Dkt. 105. In this Motion, Sykes asks that the Court place her in a halfway house or on home confinement for the remainder of her sentence. *Id*. at 1. Sykes also requests that the Court appoint her representation. *Id*. at 2.

On August 13, 2024, Sykes filed a Motion indicating she would like to file a Motion for Compassionate Release based upon the conditions at the Federal Correctional

Institution in Dublin, California, where she was previously housed.

The Government has not responded to either filing.

## II. DISCUSSION

### A. Motion for Bail (Dkt. 105)

While styled as a "Motion for Bail," Sykes's request here is essentially a request for early release to home confinement.

Once a sentence has been imposed, the Court may not alter a term of imprisonment unless, among other things: (1) the sentence is based on a sentencing range that has been subsequently lowered by the Sentencing Commission, and (2) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c). The "primary applicable policy statement . . . prohibits a sentence reduction in cases where the relevant amendment 'does not have the effect of lowering the defendant's applicable guideline range.'" *United States v. Spears*, 824 F.3d 908, 912–13 (9th Cir. 2016) (quoting U.S.S.G. § 1B1.10(a)(2)(B)) (cleaned up). Sykes does not allege that the guideline range applicable to her has been subsequently lowered by the Sentencing Commission nor does she allege that her sentence was misapplied. She simply requests she be placed on home confinement because of problems at her former facility (FCI Dublin).

"A person who has been sentenced to a term of imprisonment [in federal court] . . . shall be committed to the custody of the Bureau of Prisons [("BOP")] until the expiration of the term imposed." 18 U.S.C. § 3621(a) (cleaned up). The BOP's authority to place an inmate in prerelease custody—such as a halfway house or home confinement—is governed by 18 U.S.C. § 3621(b) and § 3624(c). *Sacora v. Thomas*, 628 F.3d 1059, 1061–62 (9th

MEMORANDUM DECISION AND ORDER - 2

Cir. 2010). Section 3621(b) authorizes the BOP to designate the place of a prisoner's imprisonment and to alter the conditions of confinement and release. *Id.* at 1062. And § 3624(c) charges the BOP with preparing prisoners for reentry during the final months of imprisonment. *Id.*

District courts have the authority and discretion "to make (or not make) [post judgment] non-binding recommendations to the Bureau of Prisons at any time." *United States v. Ceballos*, 671 F.3d 852, 856 n.2 (9th Cir. 2011). Such recommendations do not violate the limitations set forth in 18 U.S.C. § 3582 or Federal Rules of Criminal Procedure 35 and 36. *United States v. Parlin*, 2019 WL 5268542, at *2 (D. Nev. Oct. 17, 2019). However, "a district court's recommendation to the Bureau of Prisons is just that—a recommendation. It is not part of the sentence imposed by the district court." *Ceballos*, 671 F.3d at 856.

In this case, Sykes has not persuaded the Court that it should recommend any change to her incarceration status. Sykes is but a few years into a fifteen-year sentence. The Court appreciates that Sykes was unfortunately caught up in the issues at FCI Dublin (which will be discussed in more detail below), but Sykes has not presented any compelling justification in support of her motion for such an early release. The BOP is in the best position to determine Sykes's current placement and *eventually* her prerelease custody placement under 18 U.S.C. § 3624(c).

### B. Motion for Counsel (Dkt. 105)

As part of her motion for early release, Sykes notes that she previously qualified for a public defender and asks that the Court appoint her counsel again to aid in these matters.

MEMORANDUM DECISION AND ORDER - 3

While a criminal defendant is entitled to an attorney during his or her underlying criminal case, there is no constitutional right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."). Instead, the decision whether to appoint counsel in post-conviction proceedings (including requests for compassionate release) rests with the discretion of the district court. *United States v. Harrington*, 410 F.3d 598, 600 (9th Cir. 2005). In this case, the Court has reviewed the materials so far on file and does not find any circumstances warranting the appointment of Counsel. Accordingly, the request for counsel is denied without prejudice. As indicated below, once the Court sees Sykes's Motion for Compassionate Release, it may revisit this holding.

### C. Motion for Compassionate Release (Dkt. 108)

In her most recent filing, Sykes mentions that she would like to file a Motion for Compassionate Release based upon the hardships she suffered while at FCI Dublin. As has been widely published, the Federal Government recently closed FCI Dublin amidst allegations that staff were assaulting and sexually abusing female inmates.

Sykes references this situation and the "medical neglect and all the retaliation in Dublin [] when Dublin was shut down and in the transfer process out of Dublin" in conjunction with her request to file a Motion for Compassionate Release. Dkt. 108, at 1.

The Court makes two clarifications regarding this filing. First, this is not an official Motion for Compassionate Release at this point. Sykes states only that she would like to file such a Motion. *Id.*

The First Step Act ("FSA"), amended 18 U.S.C. § 3582(c)(1)(A), allows a motion

for modification to a sentence to be made by either the Director of the BOP, or by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). In addition, "[e]xhaustion occurs when the BOP denies a defendant's [motion for compassionate release]." *United States v. Mondaca*, 2020 WL 1029024, at *2 (S.D. Cal. March 3, 2020). Here, Sykes represents that she has asked the Warden for release and been denied. Dkt. 108, at 1. Based upon those representations, it would appear Sykes has exhausted her administrative remedies. Accordingly, she may file a Motion for Compassionate Release at her convenience.[1]

Second, the Court wants to clarify the types of claim Sykes can bring in her forthcoming motion.

In her current letter to the Court, Sykes references "medical neglect" as a reason for filing a Motion for Compassionate Release. A Motion for Compassionate Release, however, might not be the proper avenue for such a request. Compassionate release is, *generally speaking,* based on "extraordinary" reasons related to the defendant's: (1) medical conditions; (2) age; (3) family circumstances; or (4) other compelling reasons. U.S.S.G. § 1B1.13 Application Note 1.

Thus, to the extent Sykes's claims relate to medical neglect, cruel and unusual punishment, or conduct by FCI Dublin staff that would otherwise fall under the habeas

---

[1] Sykes should provide a copy of the Warden's denial of her request to sufficiently prove she exhausted her administrative remedies as required.

MEMORANDUM DECISION AND ORDER - 5

corpus umbrella, she cannot bring those claims via a Motion for Compassionate Release in this District. To be sure, Sykes can explain those situations and why she feels each may warrant release. But the Court wants to make clear that any claims for civil rights violations actually arising under 42 U.S. C. § 1983 must be brought in the jurisdiction in which the facility is located. In this case, FCI Dublin is located in California.

With that clarification explained, the Court reiterates that Sykes may file a Motion for Compassionate Release at her convenience. Because the Court does not know the substance of her motion at this time, it will not appoint an attorney. The Court has been able to understand Sykes's filings thus far. It anticipates it will be able to understand and review her forthcoming motions. If, however, upon review of her motion the Court feels an attorney would be helpful, it will appoint one. Until that time, however, the request is denied.

### III. ORDER

1. Sykes's Motion for Bail and to Appoint Counsel (Dkt. 105) is DENIED.
2. Sykes's Motion for Compassionate Release (Dkt. 108) is GRANTED in the sense that the Court will allow her to file a Motion for Compassionate Release. It is DENIED in all other material respects.

DATED: September 10, 2024

David C. Nye
Chief U.S. District Court Judge