UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>MISTY DAWN SYKES,<br><br>        Defendant. | Case No. 1:22-cr-00148-DCN-1<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Misty Skyes's Motion for Compassionate Release. Dkt. 110. The Government opposes the Motion. Dkt. 112.

Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).[1] Upon review, and for the reasons set forth below, the Court DENIES Sykes's Motion.

## II. BACKGROUND

On July 13, 2022, a federal grand jury indicted Sykes on two counts of Possession with Intent to Distribute and one count of Unlawful Possession of a Firearm. *See generally* Dkt. 1. Sykes entered into a plea agreement with the Government and the Court ultimately

---

[1] Although this is a criminal case, the local civil rule regarding hearings applies as there is no corresponding criminal rule. *See* Dist. Idaho Loc. Crim. R. 1.1(f) (explaining that "all general provisions of the Local Rules of Civil Practice apply to criminal proceedings unless such provisions are in conflict with or are otherwise provided for by the Federal Rules of Criminal Procedure or the Local Rules of Criminal Practice").

MEMORANDUM DECISION AND ORDER - 1

sentenced Sykes to 188 months imprisonment to be followed by five years of supervised release. Dkt. 83. Sykes is currently housed at Carswell FMC and has an anticipated release date of November 11, 2034.

In 2024, Sykes filed various motions, including a motion wherein she indicated a desire to file a Motion for Compassionate Release based upon "medical neglect" at FCI Dublin where she was previously housed.

In a subsequent order addressing Sykes's motions, the Court explained Sykes was welcome to file a motion for compassionate release, but that she needed to be aware of a distinction related to medical claims. Dkt. 109, at 5. The Court explained a person can seek compassionate release for "medical conditions." *Id*. (quoting U.S.S.G. § 1B1.13 Application Note 1). However, insofar as it appeared Sykes was not necessarily citing her medical conditions, but her *lack of adequate treatment*, the Court highlighted such might be more appropriate under the "habeas corpus umbrella" or in a civil rights action under 42 U.S.C. § 1983. *Id* at 5–6. In any event, the Court indicated Sykes could file a motion if she desired. *Id*.

Skyes filed a motion. Dkt. 110. Sykes claims her medical needs—specifically her dental needs—were not properly attended to while she was incarcerated at FCI Dublin. *See generally id.* She asserts compassionate release is the appropriate remedy for her situation.

### III. LEGAL STANDARD

Skyes seeks compassionate release under the First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A), which allows a court to modify a sentence under certain circumstances. In order to grant compassionate release, a district court must, as a threshold matter,

MEMORANDUM DECISION AND ORDER - 2

determine whether a defendant has exhausted his or her administrative remedies. *Id*. Next, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission.[2] *Id*. If the latter criteria are met, the district court must then consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. *Id*.; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019).

The policy statements at U.S.S.G. § 1B1.13 state that "extraordinary and compelling reasons" include: (1) a defendant's serious medical condition; (2) a defendant's age combined with serious deterioration in physical or mental health due to the aging process; (3) a defendant's family circumstances where the defendant becomes the only available caregiver for a close relative; (4) a defendant's suffering of abuse by an employee or contractor of the BOP; (5) any other circumstance or combination of circumstances of similar gravity; or (6) the defendant's subjection to an unusually long sentence where the defendant has already served at least ten years of the sentence. *Id.* at § 1B1.13(b). The statements also assert that, before a sentence may be reduced, the Court must find that the defendant is not a danger to the safety of any other person or to the community. *Id.* at § 1B1.13(a)(2).

---

[2] Congress did not define what constitutes "extraordinary and compelling" reasons; instead, it deferred consideration of the matter to the Sentencing Commission. *Rodriguez*, 424 F. Supp. 3d at 681 (citing 18 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.").

MEMORANDUM DECISION AND ORDER - 3

Until recent amendments, U.S.S.G. § 1B1.13 addressed only motions brought by the Director of the BOP,  not those brought by defendants individually. *See United States v. Aruda*, 993 F.3d 797, 801–02 (9th Cir. 2021). District courts were free to consult the Guideline's statements as persuasive authority, but the Ninth Circuit made clear that the statements were not binding. *Id.* at 802. However, under recent amendments, U.S.S.G. § 1B1.13 expressly applies to motions brought by the BOP Director *and* to those brought by individual defendants. U.S.S.G. § 1B1.13(a). Along with its sister district courts in the Ninth Circuit, the Court understands these amendments to resolve the discrepancy highlighted in *Aruda* and make U.S.S.G § 1B1.13 binding. *See, e.g.*, *United States v. Brugnara*, 2024 WL 332867, at *2 (N.D. Cal. Jan. 28, 2024); *United States v. Garcia Nava*, 2024 WL 221439, at *2 (S.D. Cal. Jan. 19, 2024); *United States v. Cunningham*, 2024 WL 50908, at *2 (D. Mont. Jan. 4, 2024); *United States v. Brown*, 2023 WL 8650290, at *3 (W.D. Wash. Dec. 14, 2023).

In any event, the catch-all clause at U.S.S.G. § 1B1.13(b)(5) affords the Court significant leeway in defining precisely what qualifies as an extraordinary and compelling reason sufficient to justify release.

## IV. DISCUSSION

### A. Exhaustion of Administrative Remedies

As noted, the FSA allows a motion for modification to be made by either the Director of the BOP, or by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's

MEMORANDUM DECISION AND ORDER - 4

behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

Skyes moved the Interim Warden at FCI Dublin for release on March 14, 2024. The Interim Warden issued a denial of Syke's request on April 22, 2024. Dkt. 112-1, at 2. Because more than 30 days have elapsed, Sykes has exhausted her administrative remedies, and the Court will continue to the next stage of its inquiry.

### B. Extraordinary and Compelling Reasons

The Court must next consider whether "extraordinary and compelling reasons" warrant a permanent reduction in Sykes's sentence, and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(ii). Sykes bears the burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. Apr. 6, 2020).

Sykes claims the dental care she received at FCI Dublin was lacking and warrants release. Again, the Court is not convinced this is the proper avenue for Syke's concerns.

To be sure, the Court is not holding Syke's motion for compassionate release is wholly inappropriate and it will substantively analyze her claims shortly. However, the types of cases the Court typically sees under the "medical" prong of the compassionate release statute deal with terminal illnesses or situations in which a person requires specialized care.

But Sykes is not saying she needs to be released because her dental issues are severe or require unique care BOP cannot provide; rather, she is claiming she did not receive

MEMORANDUM DECISION AND ORDER - 5

adequate care. Setting aside the fact that Sykes provided no details as to what care she needed and how staff at FCI Dublin fell short in her treatment, such allegations appear better suited for a different kind of lawsuit.[3] But even considering Syke's summary complaints about the care she received, the Court cannot grant her release.

In the record, there are at least six instances the Government was able to locate where Sykes received dental care at FCI Dublin—including at least one surgery. Dkt. 110-2. The Government also noted Sykes's medical records indicate she has eleven other ailments[4] but that, by all accounts, BOP is taking care of those issues, and none appear terminal, extraordinary, or requiring specialized care.[5] Sykes does not cite any problem, diagnosis, or condition not being adequately treated by BOP, nor does she explain *how* BOP's services fell below the standard of care. By all accounts Sykes has received (and is receiving) adequate medical care to satisfy her needs and is being treated in parity with all other inmates in BOP custody. Her generalized grievances about inadequate dental care—or medical neglect more generally—do not rise to the level of extraordinary or compelling.

Next, the Court must address the 18 U.S.C. § 3553(a) factors to the extent any are applicable and whether releasing Sykes early is consistent with the goals of sentencing.[6]

---

[3] The Court is not implying Sykes has alleged any legitimate claims. The Court is simply echoing its prior position that the way in which Sykes has framed these issues is more akin to a civil rights or Eighth Amendment lawsuit as opposed to a request for compassionate release.

[4] While Sykes focuses on her dental concerns, she also speaks in terms of general "medical neglect" which prompted the Government to broaden its response to include all of Sykes's health challenges.

[5] Sykes's other ailments include things such as obesity, primary hypertension, and low back pain.

[6] Under the "Factors To Be Considered in Imposing a Sentence," this statute provides the "court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in

(continued)

MEMORANDUM DECISION AND ORDER - 6

Sykes has been convicted of ten previous drug or alcohol related charges since she reached the age of majority, including a prior conviction for Delivery of a Controlled Substance in 2011. The current conviction for which she is incarcerated was not for personal drug use. Sykes was convicted of Possession with Intent to Distribute an array of illegal substances that included methamphetamine, cocaine, heroin, and Alpha-PHP. When she was arrested, Sykes had over $29,000 in illicit drug proceeds in her possession.

Sykes's combined sentencing factors yielded a statutorily mandated minimum sentence of 10 years, pursuant to 21 U.S.C. § 841. Through that legislation, Congress expressed what it considers minimum just punishment. Sykes is not only asking the Court to reduce its judgment as to the appropriate punishment, but she is also asking the Court to cut the Congressionally mandated term by more than half. To do so without extraordinary and compelling reasons would undermine Congressional intent and fail to provide just punishment for the crime and respect for the law. It would also erode the deterrent effect for individuals who may consider engaging in similar criminal activity.

---

paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—[. . .]":

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . .

18 U.S.C. § 3553(a).

MEMORANDUM DECISION AND ORDER - 7

In sum, after reviewing the § 3553(a) sentencing factors, the Court finds releasing Sykes at this time would be inconsistent with the punitive and remedial goals of sentencing.

## V. CONCLUSION

Sykes properly exhausted her administrative remedies. That said, she has not presented any compelling and extraordinary reasons for her release; only generalized grievances. Furthermore, a reduction in Sykes's sentence would be inconsistent with the 18 U.S.C. § 3553(a) sentencing factors.

Weighing all these considerations, the Court DENIES Sykes's Motion for Compassionate Release.

## VI. ORDER

The Court **HEREBY ORDERS**:

1. Syke's Motion for Compassionate Release (Dkt. 110) is **DENIED.**

DATED: April 9, 2026

David C. Nye
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 8